JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| Case No. | **2:22-cv-05174-MCS** | Date | December 22, 2022 |
|---|---|---|---|
| BK Case No. | **2:15-bk-20351-BB** | | |
| BK Adv. No. | **2:15-ap-01535-BB** | | |

| Title | ***Murtagh v. Baker (In re Warren Clark Baker)*** |
|---|---|

| Present: The Honorable | Mark C. Scarsi, United States District Judge |
|---|---|

| Patricia Kim | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**     **(IN CHAMBERS) ORDER AFFIRMING BANKRUPTCY COURT**

    Appellant James Murtagh appeals the bankruptcy court's order denying his motion for sanctions against Appellees Baruch Cohen and D. David Steele. (Appellant's Br., ECF No. 11.) Appellees filed a response. (Appellees' Br., ECF No. 13.) Appellant then filed a reply. (Appellant's Reply, ECF No. 15.)

**I.**     **BACKGROUND**

    On October 5, 2015, Murtagh brought an adversary bankruptcy action against debtor Clark Baker under 11 U.S.C. § 523(a)(4) and (6). (ER 4070.)[1] While Steele purported to hold an attorney-client relationship with Baker from at latest 2010, (*id.* at 4046), Baker retained Cohen for legal representation in the adversary action, (*id.* at 4072). Steele represented non-party Robert Leppo, who formed a joint-defense agreement with Baker and paid Baker's legal fees. (*Id.* at 4071–72, 4075–76.) Leppo

---

[1] The excerpts of record ("ER") are contained in ECF Nos. 12-1 to 12-25. For brevity's sake, pinpoint citations of the record on appeal refer only to the ER-stamped page numbers in the footer.

retained Steele for legal advice related to a September 4, 2015 letter from Murtagh's attorney, John Wallace, accusing Leppo and Baker of running an allegedly defamatory website against Murtagh. (*Id.* at 4064–65.)

Put charitably, litigation between Murtagh and Baker was contentious. Throughout proceedings, Murtagh had brought motions for sanctions against Cohen and Steele on multiple occasions. (*Id.* at 5884.) Baker's litigation conduct was particularly egregious, resulting in referral to the U.S. Attorney's Office for criminal investigation into witness tampering. (*Id.* at 4196–97.) While the bankruptcy court declined to sanction Cohen for any role in Baker's witness tampering, it did sanction Steele for discovery violations, including the bad faith assertion of attorney-client privilege over non-privileged documents. (*Id.* at 4274–75, 5884.) Additionally, Baker had launched a second defamatory website against Murtagh in 2016, (*id.* at 4135), but falsely denied creating that website in multiple court filings, (*id.* at 5886). While Cohen had believed Baker's repeated denials of any wrongdoing, (*id.*), the bankruptcy court determined that Baker was responsible for the second defamatory website and imposed sanctions, (*id.* at 4258). Cohen ceased representing Baker soon after the sanctions order. (*Id.* at 4259.) After seven years of "legal warfare," (Appellees' Br. 4), Murtagh secured a default judgment against Baker for $30 million and a permanent injunction on February 17, 2022, (ER 4282).

In a motion for sanctions filed on November 23, 2021, Murtagh alleged a litany of misconduct by Steele and Cohen throughout the course of the underlying adversary action. (ER 53–66.) After hearing the motion, the bankruptcy court ordered the parties to complete discovery for the motion by March 31, 2022. (*Id.* at 5881–82.) After a hearing on May 3, 2022, the bankruptcy court permitted supplemental briefing on the issue of laches and unclean hands and required the parties to submit stipulated facts. (*Id.* at 5883.) The bankruptcy court heard argument on the parties' equitable claims on June 21, 2022. (*Id.* at 5763.)

After considering the parties' laches arguments, the bankruptcy court held that "Cohen and Steele met their burden to prove the defense of laches to the claims asserted against them . . . in Dr. Murtagh's Motion" and that "Murtagh presented no evidence to support his claim of unclean hands . . . to counter the asserted defense of laches." (*Id.* at 5887–88.) As to the laches holding, the bankruptcy court held that Murtagh had unreasonably delayed bringing the sanctions motion against Steele and Cohen, as he knew since at least 2015 that Baker had extorted testimony from David Bender in a separate action predating the adversary action. (*Id.* at 5886.) This inexcusable delay prejudiced Cohen and Steele because "[t]he passage of time ha[d]

made it more difficult to obtain the recollections of witnesses and locate relevant documents." (*Id.*) While the bankruptcy court did not explicitly explain why Murtagh failed to assert the unclean hands counter-defense, it did state that its 2020 order sanctioning Steele "did not raise any of the issues addressed in the Motion [and] ha[d] no preclusive effect." (*Id.* at 5884.)

Murtagh appeals the order of the bankruptcy court, asserting error in its laches and unclean hands rulings.

## II. LEGAL STANDARD

On appeal, district courts review the bankruptcy court's application of laches and the doctrine of unclean hands for abuse of discretion. *See Pinkette Clothing, Inc. v. Cosmetic Warriors Ltd.*, 894 F.3d 1015, 1025 (9th Cir. 2018); *Seller Agency Council, Inc. v. Kennedy Ctr. for Real Est. Educ., Inc.*, 621 F.3d 981, 986 (9th Cir. 2010). "An abuse of discretion occurs if the [bankruptcy] court bases its decision on an erroneous legal standard or on clearly erroneous findings of facts." *Id.* (quoting *Grupo Gigante SA de CV v. Dallo & Co.*, 391 F.3d 1088, 1101 (9th Cir. 2004)). Findings of facts are reviewed for clear error and are reversed only upon "a definite and firm conviction that the [bankruptcy] court committed a clear error of judgment." *United States v. Hinkson*, 585 F.3d 1247, 1260 (9th Cir. 2009). This Court may affirm a decision on any basis supported by the record. *Seller Agency Council*, 621 F.3d at 986.

## III. DISCUSSION

Appellant raises four issues on appeal:
1. Whether the Bankruptcy Court erred in finding that the Sanctions Motion was barred by laches by applying the incorrect legal standard for evaluating the start of the applicable laches period. . . .
2. Whether the Bankruptcy Court erred in finding that the Sanctions Motion was barred by laches with respect to Steele when there is no basis in the record to support a finding that any laches period began to run with respect to Steele. . . .
3. Whether the Bankruptcy Court erred in finding that the Sanctions Motion was barred by laches

>   based on speculation as to any prejudice suffered by respondents as a result of any alleged delay. . . .
>
>   4.   Whether the Bankruptcy Court erred in finding that the Sanctions Motion was barred by the equitable doctrine of laches despite respondents' unclean hands as asserted by Dr. Murtagh . . . .

(Appellant's Br. 1–2.) The Court discusses each issue in turn. For the reasons set forth below, the Court affirms the bankruptcy court's order denying Appellant's motion for sanctions.

### A.   Applicable Laches Period

To establish laches, a party must show (1) inexcusable delay in the assertion of a known right and (2) prejudice to the party asserting laches resulting from the delay. *O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1112 (9th Cir. 2006). "Laches runs 'from the time the [party] knew or should have known about its potential cause of action.'" *Pinkette Clothing*, 894 F.3d at 1025 (quoting *Tillamook Country Smoker, Inc v. Tillamook Cnty. Creamery Ass'n*, 465 F.3d 1102, 1108 (9th Cir. 2006)). "In determining reasonableness of delay, courts look to the cause of the delay." *Morgan Hill Concerned Parents Ass'n v. Cal. Dep't of Educ.*, 258 F. Supp. 3d 1114, 1133 (E.D. Cal. 2017) (citing *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 954 (9th Cir. 2001)).

#### 1.   Start of the Laches Period as to Cohen

The bankruptcy court started the laches clock, at the latest, when "Dr. Murtagh had knowledge of . . . Cohen's withdrawal in September of 2018." (ER 5887.) The bankruptcy court further found that Appellant had clear notice of potential wrongdoing by Baker at least as early as January 28, 2017, when Baker was referred to federal prosecutors for investigation into witness tampering, though the bankruptcy court suggested that Appellant knew of misconduct as early as 2015. (*Id.* at 5885.) And in a letter dated January 12, 2016, Appellant's counsel accused Cohen of "aiding and abetting" Baker's "tortious and/or criminal activity" and specifically suggested that there may be "additional strategies by [Baker]" to commit wrongdoing. (*Id.* 4098–99.)

Whether the laches period began to run in 2015, 2016, 2017, or 2018, the bankruptcy court did not err by failing to "reference any date or dates upon which Dr. Murtagh had sufficient knowledge as to any particular alleged misconduct by"

Appellees. (Appellant's Br. 17.) Even accepting arguendo that the start of the laches period must occur after the start of litigation, an assertion for which Appellant supplies no authority, (*id.* at 18), there is undisputed evidence in the record that Appellant was on notice of Cohen's misconduct during the course of litigation as early as January 12, 2016, when his own counsel accused Cohen of assisting in Baker's misconduct, (ER 4098–99). This letter lends clear support for the bankruptcy court to conclude that Appellant knew or reasonably should have known of a misconduct claim against Cohen as late as January 28, 2017, when Baker was referred to the U.S. Attorney's Office for criminal investigation. (*Id.* at 5885.) In other words, Baker's referral to federal prosecutors in January 2017 should have only amplified—or even affirmed—Appellant's counsel's suspicion of misconduct a year prior.

Thus, the Court finds no abuse of discretion in the bankruptcy court's finding that the laches period ran from at least as early as January 28, 2017 as to Cohen.

2. Start of the Laches Period as to Steele

As to Steele, Appellant appears to argue that Steele's motion papers provided insufficient evidence to support the application of laches, maintaining that "Steele never identified any" laches period and "never demonstrated how it is that Dr. Murtagh could have brought the Sanctions Motion against Steele earlier than he did." (Appellant's Br. 19.)

Even if Steele had not identified in his motion papers the laches period as to any of his misconduct, the record supports the bankruptcy court's finding that Appellant reasonably should have known of a misconduct claim as early as 2015, when Appellant "wrote to Steele concerning" Baker's extortion of Bender. (ER 5885.) Appellant had blind copied Steele on several emails regarding Bender's extorted declaration and testimony in July 2015. (*Id.* at 4063–64.) And after Appellees formed a joint-defense agreement on behalf of Baker and non-party Robert Leppo in October 2015, (*id.* at 4072), it became clear to Appellant that Steele had contributed to Baker's litigation strategy from 2015 to 2018, (*id.* at 10–11). Even after Cohen had ceased representing Baker in September 2018, Appellant "did not proceed diligently to conduct investigation" into the allegations he brought forth several years later in 2021. (*Id.* at 5886–87.) The bankruptcy court's finding that Appellant failed to identify any evidence of Steele's misconduct obtained after 2018 lays bare Appellant's neglect in pursuing the sanctions motion. (*Id.*) In other words, Appellant's delayed and ultimately fruitless investigation yielded no new evidence

of any misconduct by Steele and thus did not constitute a reasonable excuse for the delay in bringing the sanctions motion.

Thus, the Court finds no reversible error in the bankruptcy court's finding that the laches period ran from at least as early as September 2018 as to Steele. *See Seller Agency Council*, 621 F.3d at 986 ("'[W]e may affirm on any basis supported by the record[.]" (internal quotation marks omitted)).

**B.     Appellees' Prejudice**

"Courts have recognized two chief forms of prejudice in the laches context—evidentiary and expectations-based. Evidentiary prejudice includes such things as lost, stale, or degraded evidence, or witnesses whose memories have faded or who have died." *Danjaq*, 263 F.3d at 955. Expectations-based prejudice includes consequences a party would not have suffered but for the opposing party's delay. *See id*. While "[t]he bare fact of delay creates a rebuttable presumption of prejudice," *Boone v. Mech. Specialties Co.*, 609 F.2d 956, 958 (9th Cir. 1979) (internal quotation marks omitted), the Ninth Circuit has suggested that an unreasonable excuse for the delay increases the evidentiary showing needed to rebut the presumption, *see Jackson v. Axton*, 25 F.3d 884, 889 (9th Cir. 1994) ("In some cases, the excuse for delay is so insubstantial that the presumption remains in spite of evidence contrary to it.").

The bankruptcy court held that due to Appellant's delay in bringing the motion, Appellees found "it more difficult to obtain the recollections of witnesses and locate relevant documents," including the faded memory and discarded notes of Appellant's former counsel, Lisa Hiraide. (ER 5886.) Notwithstanding the presumption of prejudice applicable here, Appellees established the sort of affirmative, evidentiary prejudice the Ninth Circuit contemplated in *Danjaq*. *See* 263 F.3d at 955. The Court concludes that the bankruptcy court did not abuse its discretion in finding that Appellees suffered prejudice resulting from Appellant's unreasonable delay in bringing the motion for sanctions.

**C.     Unclean Hands**

The doctrine of unclean hands "closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief." *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814 (1945). The party asserting laches must have "acted fairly and without fraud or deceit

as to the controversy in issue[,]" though the parties' hands need not be "as clean as snow." *Jarrow Formulas, Inc. v. Nutrition Now, Inc.*, 304 F.3d 829, 841–42 (9th Cir. 2002) (internal quotation marks omitted). Any unfair, fraudulent, or deceitful act must bear an "immediate and necessary relation to the equity" asserted. *S. Cal. Darts Ass'n v. Zaffina*, 762 F.3d 921, 932 (9th Cir. 2014) (quoting *Keystone Driller Co. v. Gen. Excavator Co.*, 290 U.S. 240, 245 (1933)). "What is material is not that the plaintiff's hands are dirty, but that he dirtied them in acquiring the right he now asserts, or that the manner of dirtying renders inequitable the assertion of such rights against the defendant." *Republic Molding Corp. v. B. W. Photo Utils.*, 319 F.2d 347, 349 (9th Cir. 1963). "A party with unclean hands may not assert laches." *Jarrow Formulas*, 304 F.3d at 841. Courts review a finding of unclean hands for abuse of discretion. *Seller Agency Council*, 621 F.3d at 987.

The bankruptcy court found that Appellant "presented no evidence to support his claim of unclean hands and concealment to counter the asserted defense of laches." (ER 5888.) Appellant resists this conclusion, pointing to a handful of allegations of misconduct he had asserted in his sanctions motion. (Appellant's Br. 22–24.) In essence, Appellant argues that because the underlying motion for sanctions asserts bad faith misconduct by Appellees, their hands are unclean. Appellees, on the other hand, maintain that Appellant's assertions of unclean hands bear no immediate relation to their laches defense. (Appellees' Br. 20–23.) Appellant counters that the Court must analyze unclean hands in terms of Appellees' bad faith conduct alleged in the motion for sanctions, not in terms of Appellees' role in causing the delay giving rise to laches. (Appellant's Reply 2, 10–11.)

The Court agrees with Appellees' application of unclean hands. While Appellant is correct that "laches is unavailable to 'one tainted with inequitableness or bad faith relative to the matter in which he seeks relief,'" (Appellant's Reply 10 (quoting *Jarrow Formulas*, 304 F.3d at 841)), the Ninth Circuit has long held that "[w]hat is material is not that the [party's] hands are dirty, but that he dirtied them *in acquiring the right he now asserts*," *Republic Molding Corp.*, 319 F.2d at 349 (emphasis added). Here, Appellant raises the doctrine of unclean hands as a counter-defense to Appellees' assertion of laches. (ER 5440, 5672.) Thus, the proper standard is to consider Appellees' bad faith conduct, if any, relative to their claim for laches, not the alleged misconduct giving rise to Appellant's motion for sanctions. *See S. Cal. Darts*, 762 F.3d at 932 (requiring an "immediate and necessary relation to the equity" sought (internal quotation marks omitted)). In other words, if Appellees sullied their hands in causing Appellant's unreasonable, prejudicial delay in bringing the motion, the doors of equity are closed. *See Precision Instrument*, 324 U.S. at 815.

The sole allegation pertaining to delay in bringing the motion is that Steele withheld "hundreds of documents . . . on the basis of hundreds of privilege assertions that the Bankruptcy Court subsequently found were made in bad faith." (Appellant's Br. 23.) The bankruptcy court held that "although [it] previously sanctioned Steele in December 2020 based on findings of bad faith . . . , that earlier ruling did not raise any of the issues addressed in the motion and ha[d] no preclusive effect." (ER 5884.) The bankruptcy court gave a clear statement that any delay Steele caused in asserting privilege over non-privileged documents had no bearing on Appellant's delay in bringing the motion for sanctions. On appeal, Appellant again fails to present "evidence to support his claim of unclean hands . . . to counter the asserted defense of laches." (*Id.* at 5888.) While Appellant asserts that Appellees' history of misconduct throughout litigation was "expressly designed to cause Dr. Murtagh delay and expense," (Appellant's Reply 10), he nonetheless fails to meet the "demanding standard" of asserting the unclean hands counter-defense, *Eat Right Foods Ltd. v. Whole Foods Mkt., Inc.*, 779 F. App'x 471, 474 (9th Cir. 2019).

The Court finds no reversible error in the bankruptcy court's finding that Appellant failed to raise any evidence supporting its unclean hands counter-defense. Accordingly, the bankruptcy court did not abuse its discretion in ruling the unclean hands doctrine inapplicable to Appellees' assertion of laches.

### IV.   CONCLUSION

Based on the above, the bankruptcy court's order is affirmed.

**IT IS SO ORDERED.**